IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAMMARO D. PERKINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 22-cv-1428-SMY |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter comes before the Court on Petitioner Dammaro D. Perkins' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). For the following reasons, the Motion is **DENIED**.

## Factual and Procedural Background

In 2007, Dammaro Perkins was convicted of one count each of possessing more than five grams of crack cocaine with intent to distribute (enhanced by three prior felony drug convictions) (21 U.S.C. §841(b)(1)(B)); possessing a firearm in relation to drug trafficking (18 U.S.C. §924(c)(1)(A)); possessing marijuana with intent to distribute (21 U.S.C. §841(b)(1)(D); and, possessing a firearm as a felon (18 U.S.C. §922(g)). *See United States v. Dammaro D. Perkins*, 05-cr-30137 (S.D. Ill.) (Doc. 79). He was sentenced to 210 months in prison. *Id.* at Docs. 74, 79. Perkins appealed his conviction, and the Seventh Circuit ultimately affirmed this Court's decision. *See United States v. Perkins*, 2008 WL 4876830 (7th Cir. 2008).

In February 2010, Perkins filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, arguing that the Court should have directed verdict in his favor and alleging

ineffective assistance of counsel. *See Perkins v. United States*, 10-cv-104 (S.D. Ill.) (Doc. 1). The District Court denied the motion on December 27, 2012. *Id.* at Doc. 16.

In December 2010, while Perkins' § 2255 petition was pending, the Federal Public Defender filed a motion for retroactive application of sentencing guidelines to crack cocaine offenses pursuant to 18 U.S.C. §3582(c)(2) on Perkins' behalf. *See United States v. Dammaro D. Perkins*, 05-cr-30137 (S.D. Ill.) (Doc. 101). The motion was granted and Perkins' sentence was reduced to a total of 185 months. *Id.* at Doc. 102.

In 2015, the Federal Public Defender filed a motion to reduce Perkins' sentence pursuant to USSC Amendment 782. *Id.* at Doc. 111. That motion was granted, further reducing Perkins' sentence to 180 months' imprisonment. *Id.* at Doc. 112.

In 2016, Perkins filed an application with the Seventh Circuit Court of Appeals for permission to file a successive motion under 28 U.S.C. § 2255. *See Perkins v. United States*, No. 16-3438 (7th Cir. September 15, 2016). The Seventh Circuit denied his application, finding that a claim of actual innocence could have been made at trial or on direct appeal, and no new facts were presented to support such a claim. *Id.*

Perkins then filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in 2017. *See Perkins v. B. True*, 17-cv-1365 (S.D. Ill.) (Doc. 1). The Petition was dismissed with prejudice on January 22, 2018. *Id.* at Docs. 2, 3. Perkins appealed the dismissal to the Seventh Circuit Court of Appeals. *See Perkins v. Sproul*, No. 18-1344 (7th Cir.). That appeal remains pending.

In March 2019, the Federal Public Defender filed a motion to reduce Perkins' sentence under the First Step Act. *See United States v. Dammaro D. Perkins*, 05-cr-30137 (S.D. Ill.) (Doc. 117). The motion was granted reducing Perkins' sentence to 106 months' imprisonment on April

4, 2019. *Id.* at Doc. 118. Perkins was released on supervised release on April 12, 2019. *Id.* at Doc. 142.

On February 22, 2021, Perkins' supervised release was revoked based on his admission to the allegations set forth in an amended petition to revoke his supervised release. *Id.* at Doc. 146. On revocation, Perkins was sentenced to 60 months' imprisonment on Counts 1 and 4 and 24 months' imprisonment on Counts 2 and 3, all to run concurrently, followed by 8 years of supervised release. *Id.* at Docs. 146, 153. Judgment was entered on March 8, 2021. *Id.* at Doc. 153. Perkins appealed his revocation sentence to the Seventh Circuit Court of Appeals. *See United States v. Perkins*, No. 2021 WL 5158000 (7th Cir. 2021). His appointed counsel moved to withdraw on the grounds the appeal was frivolous. The Seventh Circuit granted the motion and dismissed the appeal. *Id.*

Perkins' present motion to vacate, set aside, or correct his sentence, filed pursuant to 28 U.S.C. § 2255, raises four grounds with respect to sentencing on revocation: (1) ineffective assistance by his appointed counsel in failing to raise arguments that Perkins was no longer subject to enhancement under 21 U.S.C. §851 in light of *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020); (2) the Court exceeded the statutory maximum for resentencing on Count 4; (3) the Court exceeded the statutory maximum for resentencing on Count 1; and (4) the Court erred in determining that his violative conduct of "unlawful distribution of crack cocaine" was a Grade A violation instead of a Grade B violation.

**Standard of Review**

An action brought under 28 U.S.C. § 2255 attempts to collaterally attack a sentence outside of the traditional avenue of appeal. Section 2255 relief "is available only in extraordinary situations," requiring an error of constitutional or jurisdictional magnitude, or other fundamental

defect that resulted in a complete miscarriage of justice. *Blake v. United States,* 723 F.3d 870, 878 (7th Cir. 2013). In other words, § 2255 cannot be employed as a substitute for a direct appeal or to re-litigate issues decided on direct appeal. *Sandoval v. United States,* 574 F.3d 847, 850 (7th Cir. 2009).

The Seventh Circuit has made it clear that three types of issues cannot be raised in a § 2255 motion; issues raised on direct appeal absent a change in circumstances, non-constitutional issues that could have been but were not raised on appeal, and constitutional issues that were not raised on direct appeal. *Norris v. United States*, 687 F.2d 899 (7th Cir. 1982). However, if the petitioner can demonstrate cause for the procedural defect and actual prejudice from the failure to appeal, then constitutional issues that were not raised on direct appeal may be considered in a § 2255 motion. *See Strang v. United States*, 134 F.3d 374 (7th Cir. 1998) *citing United States v. Belford*, 975 F.2d 310, 313 (7th Cir. 1992). Additionally, claims of ineffective assistance of counsel may be raised in a § 2255 motion even if not raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

## Discussion

In considering a § 2255 motion, the district court is not required to hold an evidentiary hearing if "…the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *Cooper v. United States*, 378 F.3d 638, 641-642 (citing *United States v. Kovic*, 830 F. 2d 680 (7th Cir. 1987)). Based on its review of the filings, the Court concludes that the issues presented can be decided on the existing record; an evidentiary hearing is not necessary.

Perkins first argues that he received ineffective assistance of counsel because his Federal Public Defender did not object to his drug conviction being enhanced under 21 U.S.C. § 851 based upon his three prior felon drug offenses. The enhancement under 21 U.S.C. § 851 occurred during

the initial trial stage in Perkins' case. Judgment was entered by the district court on October 1, 2007, and affirmed by the Seventh Circuit Court of Appeals in 2008. Any challenged related to the enhancement should have been raised within one year of the date on which the judgment of conviction became final. 28 U.S.C. § 2255(f)(1). As such, this claim is untimely.

Moreover, Perkins was denied leave to file a successive § 2255 motion by the Seventh Circuit. *See Perkins v. United States*, No. 16-3438 (7th Circuit September 15, 2016). Since Perkins claim for ineffective assistance of counsel related to his § 851 enhancement challenges his underlying conviction, it is successive to his first § 2255 motion and is subject to dismissal. *See Suggs v. United States*, 705 F.3d 279, 282 (7th Cir. 2013) (section 2255 motion is second or successive when it challenges the underlying conviction).

Next, Perkins argues that the district court exceeded the statutory maximum by sentencing him to 5 years' imprisonment followed by 3 years of supervised release on Count 4 for possessing a firearm in relation to drug trafficking in violation of 18 U.S.C. § 924(c). Because Perkins did not raise this objection in the district court or on direct appeal, has not established cause and prejudice, and does not claim actual innocence, he has procedurally defaulted this claim. *See Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009) (a claim cannot be raised for the first time in a § 2255 motion if it could have been raised at trial or on direct appeal); *Hale v. United States*, 710 F.3d 711, 713 (7th Cir. 2013); *see also Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008).

Perkins also contends the district court exceeded the statutory maximum in sentencing him on Count 1. The Seventh Circuit addressed this issue on direct appeal:

> "Counsel also considers whether Perkins could argue that the Judge erred by treating his original crack-cocaine conviction as a Class A felony for purposes of determining the statutory maximum revocation sentence, 18 U.S.C. § 3583(e)(3), despite the reduction of his sentence under the First Step Act. Through the

> retroactive application of the Fair Sentencing Act, Perkins' 2007 crack-cocaine offense (which would now carry a maximum 30-year sentence given Perkins' prior convictions) became a Class B felony. See 21 U.S.C. § 841(b)(1)(C); United States v. Corner, 967 F.2d 662, 665-66 (7th Cir. 2020) (directing the district court to use the First Step Act's modified statutory penalties when calculating a revocation sentence). The maximum revocation sentence for a Class B felony is three years, § 3583(e)(3), which is less than what Perkins received on this count.
>
> But we agree with counsel that any appeal on that ground would be frivolous because Perkins could not establish all of the requirements for reversal under plain error review. The plain-error review standard would apply because Perkins never objected to the summary of the maximum penalties in the revocation petition and agreed with the judge's recitation of those penalties at the hearing. *See United States v. Williams*, 949 F.3d 1056, 1066 (7th Circ. 2020). Among other things, he would need to show that the error affected his substantial rights, i.e., that the error "affected the outcome of the district-court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993). No such showing is possible here because Perkins received a concurrent revocation sentence of five years of reimprisonment on his conviction for possessing a firearm in furtherance of drug trafficking, § 924(c)(1)(A), a Class A felony that carries a maximum term of life and was unaffected by the Fair Sentencing Act. Because Perkins will serve five years of reimprisonment on the § 924(c) count regardless of whether the same term is permissible for the drug-trafficking count, his substantial rights were unaffected. *See Untied States v. Allgire*, 946 F.3d 365, 368 (7th Cir. 2019).
>
> *See United States v. Perkins*, 2021 WL 5158000, *2 (7th Cir. 2021).

Perkins cannot now relitigate this issue via a § 2255 motion. *See Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995) *citing Taylor v. United States*, 798 F.2d 271, 273 (7th Cir. 1986).

Finally, Perkins argues the district court erred when it determined that his violation for "unlawful distribution of crack-cocaine" was Grade A violation instead of Grade B. This issue was also addressed by the Seventh Circuit on appeal:

> The judge calculated a policy-statement range of 51 to 63 months in prison based on Perkin's criminal-history category of VI and the finding that he committed Grade A violations of his conditions of supervision while serving a sentence for a Class A felony. See U.S.G. § 7B1.3. The judge appropriately used the criminal-history category assigned at the original sentencing. *Id.* at cmt. n.1. And distribution of crack cocaine and possession of methamphetamine are Grade A violations: controlled-substance offenses punishable by at least one year in prison. *See id.* § 7B1.1(a)(1); 21 U.S.C. § 841(a)(1)."

*United States v. Perkins*, 2021 WL 5158000, at *2 (7th Cir. Nov. 5, 2021).

Again, Perkins cannot now relitigate this issue in a § 2255 motion.

## Conclusion

For the foregoing reasons, Perkins' Motion is **DENIED**; this action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first request a certificate of appealability. *Miller-El v. Cockrell,* 537 U.S. 322, 335 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* at 336; *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014). Under this standard, Perkins must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Perkins has not made a substantial showing of ineffective assistance of counsel, that his sentence exceeds statutory limits, or that his offense was misclassified. Nor has he demonstrated that reasonable jurists would disagree with the Court's analysis. Therefore, the Court declines to certify any issues for appeal.

**IT IS SO ORDERED.**

**DATED:  June 20, 2024**

**STACI M. YANDLE**
**United States District Judge**